KENJI M. PRICE #10523
United States Attorney
District of Hawaii

KENNETH M. SORENSON
Chief, National Security
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:  Ken.Sorenson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 20-00083 DKW |
|---|---|---|
| Plaintiff, | ) | GOVERNMENT'S MOTION FOR COMPLEX CASE DESIGNATION; CERTIFICATE OF SERVICE |
| vs. | ) | |
| ALEXANDER YUK CHING MA, | ) | |
| Defendant. | ) | |

GOVERNMENT'S MOTION FOR COMPLEX CASE DESIGNATION

The United States of America, by and through its undersigned counsel, Kenneth M. Sorenson, moves this honorable Court pursuant to the provisions of 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(ii), for an Order designating this case as both

unusual and complex due to the nature of the prosecution and the possibility of novel questions of both law and fact.  In support thereof, we submit:

1.	The defendant, Alexander Yuk Ching Ma, was a long time employee of the Central Intelligence Agency and a contract employee of the Federal Bureau of Investigation.  The defendant is charged in the Indictment with being a participant in a lengthy and complex conspiracy to gather and communicate classified national defense information of the United States to the intelligence services of the People's Republic of China.

2.	Much of the evidence and associated information in the case is currently classified at the SECRET//NOFORN level.  Some of the evidence and information is classified at the TOP SECRET//NOFORN level.

3.	Due to the nature of the investigation there is a vast amount of information collected during the span of the investigation, which was conducted over the course of multiple years.  There are gigabytes of information and documents collected during the investigation, much of which involves hundreds of recordings and thousands of emails between the defendant and others, many of whom have been identified as agents of China's intelligence services who operated as the defendant's handlers during his time acting as an agent on their behalf.  A large amount of the discovery and above described information is classified at the SECRET level.

4. Government counsel will be asking the Court to set a pretrial conference pursuant to the Classified Information Procedures Act (CIPA), Pub.L. 96–456, 94 Stat. 2025, enacted October 15, 1980, for the purpose of considering matters relating to classified information, including discovery and the use, admissibility and relevance of certain classified information to the case. See 18 U.S.C. App. III, § 2. Due to the nature of CIPA, the process of review for these purposes can be extensive, intricate and deeply involved, particularly as the Court and parties work through issues of discovery, relevance, possible redaction, substitution and/or the creation of evidentiary summaries pursuant to CIPA § 6(c).

5. Additionally, government counsel and defense counsel are working with the Department of Justice's security litigation staff to ensure proper use, discussion, transmission and storage of classified information in the case. In this respect it is expected to take some period of time for the identification and provisioning of defense space for the conduct of ongoing litigation in the case.

6. Government counsel will also be seeking a Protective Order pursuant to CIPA § 3, which must be entered prior to the providing of formal classified discovery and disclosure to the defense team.

WHEREFORE, the United States respectfully asks the Court to make the necessary findings in order to declare this case complex pursuant to the provisions of the 18 U.S.C. § 3161(h)(7)(B)(ii) of the Speedy Trial Act. The United States asks

the Court to schedule a hearing date for purposes of addressing this motion and setting a new trial date.  At that time the parties can also discuss with the Court the scheduling of a hearing pursuant to CIPA § 2 to addresses a timetable for discovery, relevance, use, admissibility and treatment of classified information arising in the case.

    DATED:  October 20, 2020, at Honolulu, Hawaii.

                                                 KENJI M. PRICE
                                                 United States Attorney
                                                 District of Hawaii

                                                     */s/ Kenneth M. Sorenson*
                            By _____
                                              KENNETH M. SORENSON
                                              Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

    Birney Bervar, Esq.
    Attorney for Defendant
    ALEXANDER YUK CHING MA

    DATED:  October 20, 2020, at Honolulu, Hawaii.

    */s/ Dawn Aihara*
    _____