IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDER YUK CHING MA,<br><br>Defendant. | CR. NO. 20-00083 DKW<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO RECONSIDER ORDER OF DETENTION |

MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO RECONSIDER ORDER OF DETENTION

**I.   A Substantial Amount of New Surety is Now Being Offered to Secure Ma's Release that Was Not Offered at the Time of the Detention Hearing.**

After a detention hearing on August 27, 2020, this court ordered Ma detained (see attached Exhibit "A").

At the time of that detention hearing, the defense proposed Ma's release to the third-party custody of his sister and brother-in-law with the posting of $10,000 cash surety. Ma's family has now come forward with an offer to post $210,000 cash and $850,000 in home equity, for a total of $1,060,000 cash and mortgages to secure Ma's release. Ma's sister, Irene Yee, will post $200,000 cash. Ma's wife, Amy, will post $10,000 cash. Ma's niece, Yvonne Lau, will post $500,000 equity in her home in Hawaii Kai (see attached Exhibit "B," letter from Yvonne Lau).

Ma's wife, Amy, will post $350,000 equity in her home in Hawaii. This is $1,050,000 more surety than was offered at the detention hearing. Ma's sister Elizabeth Lau, brother-in-law, Michael Lau, and niece, Yvonne Lau, will serve as third-party custodians with Ma to live at their home in Hawaii Kai under constant 24 hour home detention with electronic monitoring.

**II.     The New Amount of Surety of $1,060,000 Reasonably Assures Ma's Appearance and the Safety of the Community.**

The Bail Reform Act governs the release or detention of a defendant pending trial. 18 U.S.C. § 3142. The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure" the defendant's appearance and the safety of the community. United States v. Motamedi, 767 F.2d 1403, 1405 (9th Cir. 1985).

Pretrial release is the default and must be granted unless the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1); United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008). "Reasonably assure the appearance" of the defendant "has not been construed to require an ironclad guarantee against flight." United States v. Ward, 63 F. Supp. 2d 1203, 1211 (C.D. Cal. 1999) (citing United States v. Portes, 786 F.2d 758, 764 n. 7 (7th Cir. 1985). Only in rare cases should release be denied, and doubts

regarding the propriety of release are to be resolved in favor of the defendant. United States v. Santos-Flores, 794 F.3d 1088, 1090 (9th Cir. 2015) (citing Motamedi, 767 F.2d at 1405).

When the government seeks detention, Section 3142(g) sets forth the factors the court "shall" consider to determine whether to release or detain the defendant. Those factors are: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger the defendant would present to the community if released. See, e.g., United States v. Winsor, 785 F.2d 755, 756 (9th Cir. 1986). The weight of the evidence is the least important of the factors. Motamedi, 767 F.2d at 1407.

Ma has significant ties to the community and to the United States. Ma has a wife and son here in Honolulu. Ma has a sister, brother-in-law and a niece here in Honolulu. Ma has a sister and brother in California, three nieces and nephews in California and a son and four young grandchildren in California.

Ma's release to the third-party custody of his niece, Yvonne Lau, a licensed Hawaii attorney, his sister and brother-in-law, Elizabeth and Michael Lau, to live at the Hawaii Kai house they all share, under 24 hour electronic monitoring home detention, with the posting of $1,060,000 cash and property surety, reasonably assures Ma's appearance and the safety of the community. This is not a case

where the presumption of detention applies, and the court should release Ma because these conditions will reasonably assure Ma's appearance and the safety of the community.

Given the substantial amount of surety that is now being offered to secure Ma's conditions of release, the court should re-consider its detention order and release Ma on the very restrictive above-stated conditions.

DATED: Honolulu, Hawaii, October 29, 2020.

/s/ Birney B. Bervar
BIRNEY B. BERVAR
Attorney for Defendant
ALEXANDER YUK CHING MA