KENJI M. PRICE #10523
United States Attorney
District of Hawaii

KENNETH M. SORENSON
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-Mail:  Ken.Sorenson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 20-00083 DKW-RT |
| Plaintiff, | MOTION TO RECONSIDER COURT'S RULING DENYING GOVERNMENT'S MOTION TO SEAL; CERTIFICATE OF SERVICE |
| vs. | |
| ALEXANDER YUK CHING MA, | |
| Defendant. | |

MOTION TO RECONSIDER COURT'S RULING
DENYING GOVERNMENT'S MOTION TO SEAL

I.   INTRODUCTION

On November 10, 2020, the Government filed its opposition to the

Defendant's Motion to Reconsider Order of Detention.  (Dkt. 34)  The government

included with its opposition an addendum, identified as "Addendum A." Addendum A included sensitive information that if disclosed would reveal the identity of persons whose true names were properly concealed in the Indictment. The government moved to seal its Addendum A to prevent the improper disclosure of those identities. (Dkt. 35)

II.   BACKGROUND

On November 16, 2020, the Court denied without prejudice the government's motion to seal Addendum A. (Dkt. 37) As the basis for its denial, the Court relied exclusively upon the Ninth Circuit case of *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). In issuing its denial the Court reasoned:

> [t]he party seeking to file records under seal bears the burden of rebutting the strong presumption that judicial records should not be sealed by meeting the *compelling reasons* standard. *Id.* The compelling reasons standard requires specific factual findings. *Id.* The Court must " 'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* If the Court then decides to seal certain judicial records, the Court must "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (citations omitted). (Dkt. 37)

The Court then provided the basis as to why, in its view, the government's Motion to Seal failed to meet the "compelling reasons" standard. (Dkt. 37)

//

//

III. <u>ARGUMENT</u>

The government respectfully asks the Court to reconsider its November 16, 2020 Order denying its Motion to Seal. Local Rule 60.1 permits reconsideration of interlocutory orders stating: "[m]otions for reconsideration … may be brought only upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; and/or (c) *Manifest error of law or fact*."

Because the Court applied an incorrect legal standard in reviewing our non-dispositive motion Motion to Seal, the Court has committed a "manifest error of law." A manifest error of law is, quite simply, a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D.Ill. 1997).

Here, the Court has misread and misapplied *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), the case it cited as its authority for denying our motion. (Dkt. 37) The Court found that the government had failed to show "compelling reasons" for the sealing of Addendum A, noting that the government's "one-paragraph, two-sentence Motion [did] not provide enough information" to meet the compelling reasons standard. (Dkt. 37) But *Kamakana's* holding requiring "compelling reasons" for the sealing of filings relates only to

dispositive motions. For *non-dispositive* motions, such as the instant Motion to Seal, the Court must apply a substantially less demanding "*good cause*" standard. To this end, *Kamakana* states:

> We have … "carved out an exception to the presumption of access" to judicial records, *Foltz,* 331 F.3d at 1135, for a "*sealed discovery document* … to a *non-dispositive* motion," such that "the usual presumption of the public's right of access is rebutted." *Phillips v. General Motors Corp.,* 307 F.3d 1206, 1213 (9th Cir.2002) (emphasis added). There are, as we explained in *Foltz,* "good reasons to distinguish between dispositive and non-dispositive motions." 331 F.3d at 1135. Specifically, the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often " 'unrelated, or only tangentially related, to the underlying cause of action.' " *Id.* (quoting *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33, 104 S. Ct. 2199, 81 L.Ed.2d 17 (1984)).
>
> The public policies that support the right of access to dispositive motions, and related materials, **do not apply with equal force to non-dispositive materials**. *Phillips,* 307 F.3d at 1213. We reasoned in *Phillips* that when a district court grants a protective order to seal documents during discovery, "it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Id.* The application of a strong presumption of access to sealed records, not directly relevant to the merits of the case, would eviscerate the "broad power of the district court to fashion protective orders." *Id.* Thus a "particularized showing," *Foltz,* 331 F.3d at 1138, under the "good cause" standard of Rule 26(c) will "suffice[ ] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Id.* at 1135.
>
> In sum, we treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that

"compelling reasons" support secrecy. *Id.* at 1136. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Id.* at 1135. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

Thus, the Court has misapplied the holding of *Kamakana* to our non-dispositive Motion to Seal thereby triggering a much higher standard of scrutiny than warranted. The Court should have applied *Kamakana's* "good cause" standard, which our motion easily demonstrates.

The Government, in its motion to seal, explains that disclosure of Addendum A will effectively disclose the identity of Co-conspirator #1, a non-charged person whose conduct is alleged as being in violation of espionage laws. Controlling law and Department of Justice policy forbid unnecessarily identifying a non-charged person in an indictment as a denial of due process. *United States v. Briggs*, 514 F.2d 794 (5th Cir. 1975), cited with approval by *United States v. Chadwick*, 556 F.2d 450 (9th Cir. 1977). The Department of Justice's Justice Manual states: [i]n the absence of some significant justification, federal prosecutors generally should not identify unindicted co-conspirators in conspiracy indictments. … See JM 9-11.130. The purposes behind this policy relate to impugning the reputation of a person without affording them an opportunity to defend themselves. For this reason we have used the term Co-conspirator #1 rather than the person's true name in the Indictment because they have not been charged with a crime.

Additionally, the conduct of an additional person is also called into question regarding statements made by them during, and in furtherance of, the alleged conspiracy. This information could prove to be unnecessarily humiliating and embarrassing. *Kamakana* contemplates that "[a] "good cause" showing will suffice to **seal** documents …" finding that if "good cause" is shown in discovery, a district court may issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). *See Kamakana* at 1180 and Rule Fed. R. Civ. Proc. 26(c). Clearly, being outed with the facts set forth in Addendum A would likely result in annoyance and embarrassment for the parties so identified.

The government has no interest and gains no advantage in the secrecy requested in its Motion to Seal. As a practical matter, we would prefer this information be disclosed. Nonetheless, we recognize the compelling necessity of protecting the identities of those who cannot defend themselves because they are not named as parties to the action. We accordingly ask that our Motion to Seal be reconsidered and granted.

III.   CONCLUSION

In sum, we submit that our Motion to Seal meets the "good cause" standard of *Kamakana* for a non-dispositive motion. We ask the Court to reconsider its EO dated November 16, 2020, denying our Motion to Seal, and seal Addendum A for

the reasons and basis set forth within it. To the degree it is proper and deemed necessary by the Court, we ask the Court to consider the facts and argument tendered herein as additional support for our Motion to Seal.

DATED: November 20, 2020, at Honolulu, Hawaii.

KENJI M. PRICE
United States Attorney
District of Hawaii

*/s/ Kenneth M. Sorenson*
By_____
KENNETH M. SORENSON
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

    Birney Bervar, Esq.

    Attorney for Defendant
    ALEXANDER YUK CHING MA

    DATED: November 20, 2020, at Honolulu, Hawaii.

*/s/ Dawn Aihara*
_____