JUDITH A. PHILIPS
Acting United States Attorney
District of Hawaii

KENNETH M. SORENSON
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:  Ken.Sorenson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>ALEXANDER YUK CHING MA,<br><br>  Defendant. | CR. NO. 20-00083 DKW-RT<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR COMPETENCY HEARING; CERTIFICATE OF SERVICE |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR COMPETENCY HEARING

Defendant Alexander Yuk Ching Ma (Ma) has moved this honorable Court, pursuant to 18 U.S.C. § 4241(a), for a hearing to determine his mental competency to further proceed in this matter.  Ma, a 68 year-old Asian male, alleges that he has

been forgetful and has a family history of dementia, (citing his older brother's Alzheimer's disease diagnosis). [Dkt. #63]

Section 4241(a) provides that the Court shall order such a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the degree he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." The government bears the burden of demonstrating mental competency by a preponderance of the evidence. *See United States v. Hoskie*, 950 F.2d 1388, 1392 (9th Cir. 1991).

In support his motion, Ma's counsel states that "Ma has informed [him] that he believes he is suffering from the early stages of Alzheimer's, making it hard for him to remember things and affecting his ability to assist properly in his defense." [Def. Mtn., p. 2] In his Declaration, Ma's counsel states that Ma has informed him that Ma is "unable to remember things" and that he is told he "asks the same questions over and over." [Bervar Declaration, pp. 1, 2] Counsel's declaration also cites to Ma's brother's Alzheimer's diagnosis as family history warranting concern.

While Ma has proffered no clinical or medical information in support of his motion, the government agrees that given Ma's age, family history and his reports of memory difficulties, a mental evaluation is warranted. Although a delay in

proceedings may result, such evaluation must be undertaken by the Bureau of Prison's mental health experts.  Ma's allegation of Alzheimer's based dementia is particularly concerning.  There is little hope of recovery once the diagnosis is made and/or confirmed, particularly in a 68 year-old defendant.  Only the Bureau of Prisons can conduct the in-depth neurological and cognitive testing required to ferret out whether Ma is truly suffering from either a debilitating mental disease, has normal forgetfulness, or has perhaps made the determination that faking cognition problems is a workable strategy to frustrate the case against him.  The Bureau of Prisons has medical staff trained in the art of detecting malingering on the part of a criminal defendant, and can devote the clinical observational time and medical resources necessary to making an accurate diagnosis in this important and complex prosecution.  *See United States v. Krebs*, 2019 WL 5088814 (D. Arizona), (Court rejected a 77-year old bank robbery defendant's assertion of incompetency due to dementia based upon Bureau of Prison's psychologist's testimony that the defendant was faking symptoms).  In *Krebs*, the Court specifically relied upon the Bureau of Prison's psychologist's "several months of observation" of the defendant.  The Court also relied upon the lengthy clinical interaction and brain imaging afforded by his commitment to the Federal Medical Facility at Butner, in finding the defendant competent to proceed.  (*Krebs*, p. 4)

3

Government counsel understands the possible delays incumbent with a commitment for evaluation by the Bureau of Prisons. In our conversations with defense counsel, it appears that the defense is aware and accepting of the delay concomitant with committing Ma for an evaluation. Nonetheless, a thorough examination and evaluation must be conducted given the gravity of the possible diagnosis, and its potential effect upon this prosecution.

Accordingly, we agree that Ma must undergo a medical evaluation to determine his competency to proceed, and ask the Court to enter an Order directing his commitment to a medical facility operated by the Bureau of Prisons for the conduct of said examination.

DATED: August 5, 2021, at Honolulu, Hawaii.

JUDITH A. PHILIPS
Acting United States Attorney
District of Hawaii

      */s/ Kenneth M. Sorenson*
By_____
KENNETH M. SORENSON
Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

    Birney Bervar, Esq.
    Attorney for Defendant
    ALEXANDER YUK CHING MA

    DATED:  August 5, 2021, at Honolulu, Hawaii.

*/s/ Dawn Aihara*
_____